[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11763
Non-Argument Calendar
_____

BIA Nos. A79-340-216 & A79-340-429

FREDY ACHURI BARRERA,
BERENICE CRUZ PARDO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 26, 2006)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Petitioners Fredy Achuri Barrera and his wife, Berenice Cruz Pardo, seek

review of the Board of Immigration Appeal's ("BIA") decision affirming the Immigration Judge's ("IJ") order denying their application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"). § 208(a)(1), 8 U.S.C. § 1158(a)(1); § 241, 8 U.S.C. § 1231(b)(3).

Petitioners, who are citizens of Colombia, claim that they demonstrated past persecution because of Barrera's political beliefs and union affiliation, based on their receipt of threatening pamphlets and telephone calls from the Revolutionary Armed Forces of Colombia ("FARC"), and the fact that Barrera was physically assaulted by a member of the FARC at a roadblock. In addition, Barrera asserts that they demonstrated a well-founded fear of future persecution and that they would not be able to safely relocate in Colombia because the FARC presents a country-wide threat. Finally, Barrera concludes that he and his wife would more likely than not be persecuted if they returned to Colombia.

We only review "the decision of the BIA, except to the extent that it expressly adopts the IJ's opinion." *Nreka v. United States Att'y Gen.*, 408 F.3d 1361, 1368 (11th Cir. 2005) (internal quotations and citations omitted). Because the BIA mostly adopted and affirmed parts of the IJ's decision and added comments of its own, we review both, excepting the IJ's finding of adverse credibility and the IJ's relocation analysis. To the extent that the BIA's or IJ's decision was based on a legal determination, our review is *de novo*. *Nreka*, 408

F.3d at 1368. The IJ's and BIA's factual determinations are reviewed under the substantial evidence test, and we "affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. United States Attorney Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotations and citations omitted). The substantial evidence test is "highly deferential" and does not allow "re-weigh[ing] the evidence from scratch." *Id.* The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal, rather, reversal is only appropriate where the record "compels" it. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004), *cert. denied*, 125 S. Ct. 2245 (2005).

An alien who arrives in, or is present in, the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Secretary of Homeland Security and the Attorney General both have the discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1)(A) (as amended by the REAL ID Act). A "refugee" is defined as:

> any person who is outside any country of such person's nationality. . ., and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . .

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the

3

burden of proving statutory "refugee" status. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). To establish asylum eligibility, the alien must, with specific and credible evidence, establish: (1) past persecution on account of a statutorily listed factor; or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); *Al Najjar*, 257 F.3d at 1287.

Although neither the INA nor the regulations define "persecution," we have discussed other circuits' holdings that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." *Sepulveda v. U.S. Attorney General*, 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotations omitted). If an alien does not establish past persecution, he bears the burden of showing a well-founded fear of future persecution by showing that: (1) he fears persecution based on his membership in a statutorily protected class; (2) there is a reasonable possibility that he will suffer persecution if removed to his native country; and (3) he could not avoid persecution by relocating to another part of his or her country, if, under all of the circumstances, it would be unreasonable to expect relocation. *See* 8 C.F.R. § 208.13(b)(2), (3)(i). Additionally, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289. A petitioner's claim that he has a well-founded fear of future persecution is undercut by evidence that his

4

family remained without incident in the same region where the petitioner had allegedly been threatened. *See Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1259 (11th Cir. 2006).

Along with seeking asylum, the alien may also seek withholding of removal. *See* INA § 241, 8 U.S.C. § 1231(b)(3). One significant difference between proving asylum eligibility and withholding of removal eligibility is that, to merit the latter, the alien must prove that future persecution would occur "more likely than not." *See Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003). As the more-likely-than-not standard that applies to withholding of removal is more stringent than the well-founded-fear standard that applies to asylum, ineligibility for asylum generally precludes withholding of removal eligibility. *Al Najjar*, 257 F.3d at 1292-93.

After reviewing the record, we conclude that substantial evidence supports the IJ's conclusion that Barrera and his wife were not entitled to asylum or withholding of removal. First, Barrera failed to demonstrate anything more than a few isolated incidents of harassment insufficient to compel a finding that he and his wife suffered persecution. Furthermore, their allegations are undercut by the fact that Barrera's family remained in Colombia unharmed, despite their similar political involvement. Barrera's fear may have been subjectively genuine, but substantial evidence supports the IJ's conclusion that it was not objectively

5

reasonable. Thus, irrespective of whether Barrera's fear was sufficiently based on his political or union affiliations, or whether relocation was a viable option, the IJ's conclusion is supported by substantial evidence.

Because petitioners failed to demonstrate past persecution or a well-founded fear of future persecution, their claim that they are more likely than not to be persecuted if they return to Colombia necessarily fails.

For the above-stated reasons, we deny Barrera's and Pardo's petition.

**PETITION DENIED.**